# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.: 3:15-cv-00473** |
| ) | **JUDGE CAMPBELL** |
| **29.93 ACRES OF LAND, MORE OR** ) | **MAGISTRATE JUDGE NEWBERN/BROWN** |
| **LESS, SITUATE IN MONTGOMERY** ) | |
| **COUNTY, TENNESSEE, AND CAROL** ) | |
| **JEAN FREY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## STIPULATED FINAL JUDGMENT

Pursuant to this stipulation signed and jointly filed by the parties, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. On April 22, 2015, the United States filed a Complaint in Condemnation and a Declaration of Taking against real property owned by David & Carol Jean Frey. Docket Nos. 1 & 2.

2. On April 22, 2015, the United States deposited a check in the amount of Three Hundred Seventy-Five Thousand Dollars ($375,000.00) into the Registry of the Court. Docket No. 5. At that time, title to the property, to the extent set forth in the Declaration of Taking (Docket No. 2), vested in the United States by operation of law. 40 U.S.C. § 3114.

3. On April 24, 2015, the Court ordered that the sum of $375,000.00 tendered by check by the government as estimated compensation and numbered cause be deposited and retained into the Registry of the Court pursuant to Middle District of Tennessee, Local Rule 67.01 (Deposit of Court). Docket No. 12. Also, on April 24, 2015, the Court ordered the surrender of the said property to the extent of the estate condemned. Id.

5. The full just compensation payable by the United States for the taking of the property interests identified in the Complaint in Condemnation (Docket No. 1) and Declaration of Taking (Docket No. 2), the title to which has already vested in the United States, shall be the sum of Four Hundred Fifty Thousand Dollars ($450,000.00), inclusive of interest and costs.

6. Judgment shall be and hereby is entered against the United States in the amount of Four Hundred Fifty Thousand Dollars ($450,000.00), inclusive of interest and costs.

7. The said sum of Four Hundred Fifty Thousand Dollars ($450,000.00) shall be just compensation and in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and taking of the said interests.

8. The said sum of Four Hundred Fifty Thousand Dollars ($450,000.00) shall be subject to all liens, encumbrances, and charges of whatsoever nature existing against the Property at the time of vesting of title thereto in the United States, and all such liens, encumbrances, and charges of whatsoever nature shall be payable and deductible from the said sum.

9. As the United States has previously deposited $375,000.00 as estimated just compensation, the deficiency amount between the amount deposited and the stipulated just compensation of $450,000.00 is $75,000.00. Upon entry of a judgment on this stipulation, the United States shall pay into the registry of the Court the deficiency amount of $75,000.00.

10. Upon the Court's Order entering judgment and the United States' deposit of the deficiency into the registry of the Court, in accord with this stipulation of just compensation, the parties may seek immediate distribution of the deficiency to Roger A. Maness c/o David & Carol Jean Frey, with check payable to:

Roger A. Maness
c/o David & Carol Jean Frey
Marks, Shell & Maness
233-A Dunbar Cave Road
P.O. Box 1149
Clarksville, TN 37041-1149

11. Defendants warrant that they were the sole owners of the subject property at the date of the taking, and that they have the exclusive right to the compensation herein, excepting the interests of parties having liens or encumbrances of record and unpaid taxes and assessments, if any, and that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

12. In the event that any other party is ultimately determined by a Court of competent jurisdiction to have any right to receive compensation for the property taken in this case, Defendants shall refund into the registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at the rate of 52-week Treasury Bills, calculated in accordance with the provisions of 40 U.S.C. § 3116, from the date of receipt of the deposit by defendants to the date of repayment into the registry of the Court.

13. Defendants shall save and hold harmless the United States of America from all claims or liability resulting from any unrecorded leases or agreements affecting the Property on the date of taking.

14. By stipulation, the signatory parties hereto will take no appeal from this Stipulated Judgment.

15. Parties shall be responsible for their own legal fees, costs, and expenses (including attorney's fees, consultant's fees, and any other expenses).

16. This proposed stipulated judgment may be signed in counter parts.

17. The District Court shall retain jurisdiction to the extent needed to enforce this stipulated judgment.

Dated this _____ day of _____, 2016.

*Todd Campbell*
**TODD J. CAMPBELL**
UNITED STATES DISTRICT JUDGE

**THE UNDERSIGNED STIPULATE THAT THEY CONSENT TO ENTRY OF THE PRECEDING JUDGMENT AND ORDER:**

Respectfully submitted,

DAVID RIVERA
United States Attorney
Middle District of Tennessee

| | |
|---|---|
| s/ S. Delk Kennedy, Jr. | s/ Roger A. Maness w/permission |
| S. DELK KENNEDY, JR., B.P.R. #09799 | ROGER A. MANESS, B.P.R. #07353 |
| Assistant United States Attorney | Marks, Shell & Maness |
| 110 Ninth Avenue, South, Suite A-961 | 233-A Dunbar Cave Road |
| Nashville, TN 37203 | P.O. Box 1149 |
| Telephone: (615) 736-5151 | Clarksville, TN 37041-1149 |
| Email: delk.kennedy@usdoj.gov | Telephone: (931)552-6000 |
| | Email: rmaness@marksshellandmaness.com |